Case 2:21-cv-09682-CAS-PD Document 1 Filed 12/03/21 Page 1 of 17 Page ID #:1

FEE PAID
FILED
CLERK, U.S. DISTRICT COURT
DEC- 3 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: RS DEPUTY

NO CV-30

Nicole Spearman
9205 South Wabash
Chicago, IL 60619
nnspearman@msn.com
773-681-6831

*Pro Se*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JASON EMER, an individual,

    Plaintiff,

v.

NICOLE SPEARMAN, an individual; ARMEZ SPEARMAN, an individual; and DOES 1 through 30, inclusive,

    Defendants.

Case No. _____ **2:21-CV-09682-CAS-PDx**

DEFENDANT NICOLE SPEARMAN'S NOTICE OF REMOVAL OF PLAINTIFFS COMPLAINT
[28 U.S.C. § 1332]

Removed from:
Los Angeles County Superior Court
Case No. 21STCV39847

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446 (procedure for removal), 28 U.S.C. § 1441 (removal jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1331 (federal question jurisdiction), defendant Nicole Spearman ("Defendant" or "Spearman") gives notice that she has removed Los Angeles Superior Court Case No. 21STCV39847 (the "Removed Action") to this Court. The grounds for removal are set forth below.[1]

## I. REMOVAL IS TIMELY

In the State action subject to removal, Spearman was served with a copy of the Complaint for the first time on November 3, 2021. Thus, this removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of Defendant's receipt of copies of Plaintiff's Complaint. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ('we hold that each defendant is entitled to thirty days to exercise his removal rights after being served").

## II. DEFENDANT SPEARMAN'S "SHORT AND PLAIN STATEMENT OF THE GROUNDS FOR REMOVAL"

Section 1446(a) prescribes the requirements for adequately pleading grounds for removal, and the United States Supreme Court has interpreted it to require that the removing defendant provide only the same "short and plain statement" of the "grounds for removal" to effect a proper removal. The Court firmly rejected any need to support general allegations with specific evidentiary allegations, or indeed, of any "detailed pleading" requirements whatsoever, holding that Congress intended to "simplify the 'pleading' requirements for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). According to the Supreme Court:

> "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil

---

[1] Defendant specially appears for the purposes of removal only, and reserves all available defenses, whether jurisdictional or otherwise.

Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639-641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'—terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)."). The legislative history of §1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100-889, p. 71 (1988). See also ibid. (disapproving decisions requiring "detailed pleading").

*Id.*

"A document filed *pro se* is 'to be liberally construed,'" and "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Accordingly, defendant Nicole Spearman sets forth a short and simple statement of her *pro se* claim of removal.

### III.   THIS COURT HAS DIVERSITY JURISDICTION

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because Plaintiff and Defendant are entirely diverse and the amount in controversy exceeds $75,000.

**A. Plaintiff's Citizenship**

Plaintiff is a California citizen based on domicile, as he pleads residency within the County of Los Angeles. Upon information and belief, plaintiff resides in California with the intention to remain indefinitely. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991).

**B. Defendant's Citizenship**

Defendant is an Illinois citizen based on domicile. She currently resides at 9205 South Wabash, Chicago, IL 60619 and has the intention to remain in Illinois indefinitely.

### C. Amount in Controversy

For the purposes of diversity jurisdiction, the amount in controversy is determined by first looking to the allegations or prayer of the complaint. *See, e.g., LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 2015 (2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Here, plaintiff alleges damages asserts damages in the following sums:

- At least $42,800 pursuant to Cal. Civ. Code § 1951.2(a)(1);
- At least $106,875 pursuant to Civ. Code § 1951.2(a)(3);
- General compensatory damages in the sum of $200,000 or according to proof;
- Punitive damages of an unspecified amount;
- Pre- and post-judgment interest; and
- Plaintiff's attorney fees in an amount no less than $1,000

Plaintiff's claims pursuant to Civ. Code § 1951.2(a)(3) and Plaintiff's prayer for compensatory damages each exceed $75,000, and taken together exceed $300,000. Consequently, the amount in controversy clearly exceeds the amount in controversy threshold.

## IV. **DEFENDANT HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL**

Defendant signed this Notice of Removal and attached a conforming copy of the State pleading as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this removal notice and its attachments will promptly be served on plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

WHEREFORE, defendant Nicole Spearman hereby removes Los Angeles County Superior Court Case No. 21STCV39847 in the United States District Court for the Central District of California.

**JURY TRIAL DEMANDED**

Dated:  December 3, 2021

                                      NICOLE SPEARMAN

                                      /s/Nicole Spearman
                                      Nicole Spearman
                                      9205 South Wabash
                                      Chicago, IL 60619
                                      nnspearman@msn.com
                                      773-681-6831

                                      *Pro Se*

# EXHIBIT A

Case 2:21-cv-09682-CAS-PD Document 1 Filed 12/03/21 Page 7 of 17 Page ID #:7
Electronically FILED by Superior Court of California, County of Los Angeles on 10/29/2021 10:17 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
21STCV39847

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Kevin Brazile

1  SEGAL LAW GROUP
   LAWRENCE SEGAL [BAR NO. 101339]
2  ANDREW D. SHUPE [BAR NO. 240635]
   9100 Wilshire Boulevard, Suite 616E
3  Beverly Hills, California 90212-3557
   Telephone: (310) 550-4840
4  Facsimile: (310) 550-4848

5  Attorneys for Plaintiff Jason Emer

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JASON EMER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> NICOLE SPEARMAN, an individual; ARMEZ SPEARMAN, an individual; CARTHELL SANDERS, an individual; and DOES 1 through 30, inclusive, <br><br> Defendants. | Case No.: 21STCV39847 <br><br> **COMPLAINT FOR:** <br> 1. RENT AND DAMAGES (CIVIL CODE § 1951.2); <br> 2. FRAUDULENT INDUCEMENT/ PROMISSORY FRAUD; AND <br> 3. PROPERTY DAMAGE |

Plaintiff Jason Emer, for his Complaint against defendants Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1 through 30 (collectively, "Defendants"), states and alleges as follows:

**THE PARTIES**

1. Plaintiff Jason Emer ("Emer" or "Plaintiff) is, and at all times relevant hereto has been, an individual residing within the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that defendant Nicole Spearman is, and at all times relevant hereto has been, an individual with her principal place of residence within the County of Cook, State of Illinois.

3. Plaintiff is informed and believes, and thereon alleges, that defendant Armez

1
COMPLAINT

Spearman is, and at all times relevant hereto has been, an individual residing within the County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that defendant Carthell Sanders is, and at all times relevant hereto has been, an individual residing within the County of Los Angeles, State of California.

5. Plaintiff does not presently know the true names and capacities of the Defendants denominated as DOES 1-30 and therefore sues said Defendants under such fictitious names pursuant to Section 474 of the California Code of Civil Procedure. When the true names and capacities of the aforementioned Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly.

6. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 30, inclusive, were, and are, in some manner, responsible for the actions, acts and omissions alleged in this Complaint, and for the damages caused thereby, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

7. At all relevant times herein mentioned, defendants Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1 through 30, and each of them, were the agents, alter egos, employees, subsidiaries, joint-venturers, shareholders, directors, officers, members and/or partners of each other and, in doing the things alleged herein, were acting within the course and scope of that agency or employment or relationship or were otherwise responsible for the wrongs alleged herein.

8. Plaintiff is informed and believes, and thereon alleges, that in committing the acts complained of herein, Defendants, and each of them, acted in concert and conspiracy with each other.

**JURISDICTION AND VENUE**

9. Venue is proper in this Court, and this Court has jurisdiction over the Defendants in this action, because the Defendants entered into the written lease at issue for a residential property located in Los Angeles County, Defendants took possession of and occupied the subject real property located in Los Angeles County, and Defendants' actions and conduct were directed toward Plaintiff and Plaintiff's real property in Los Angeles County, causing Plaintiff's damages in Los

Angeles County, within this judicial district. In addition, Plaintiff is informed and believes, and thereon alleges, that defendants Armez Spearman and Carthell Sanders reside in Los Angeles County.

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff Emer is the owner of a renovated, nicely appointed, and fully furnished single-family home located at 737 North Fuller Avenue in Los Angeles, California (the "Premises").

11. Emer and defendant Nicole Spearman entered into a written lease, dated May 10, 2021 (the "Lease"), pursuant to which Nicole Spearman became entitled to take, and did take, possession of the Premises at an agreed monthly rental obligation of $14,250 per month, commencing on May 15, 2021. The Lease was to continue for a one-year (twelve-month) term, through May 15, 2022.

12. Almost immediately after taking possession of the Premises pursuant to the Lease, Nicole Spearman (and/or Armez Spearman and Carthell Sanders and DOES 1 through 10, who occupied or resided at the Premises) began to violate material terms of the Lease by, among other things, smoking and/or allowing smoking in and on the Premises, keeping or allowing pets in and on the Premises, changing the high-security locks at the Premises without notifying Emer or providing Emer with keys to those new locks, and allowing unauthorized persons 18 years of age or older to live at the Premises without those persons first completing and providing lease rental applications, as required by the Lease. In addition, after just six weeks of possession, Nicole Spearman and DOES 1 through 10 ceased paying rent to Emer, and paid no further sums for rent for the time period commencing July 1, 2021, and continuing to the present date. Lastly, Nicole Spearman and DOES 1 through 10 failed to maintain and pay policy premiums for a renters' insurance policy required by the Lease to cover the Premises and its contents, and naming Plaintiff as an additional insured; instead, Nicole Spearman and DOES 1 through 10 wrongfully allowed said insurance policy to lapse.

13. As a result of certain of the aforementioned violations of the terms of the Lease, Emer served a notice to cure or quit, and thereafter filed an unlawful detainer action (the

"Unlawful Detainer Action") against Nicole Spearman and the then-unknown occupants of the Premises on August 16, 2021 based upon those uncured violations of the Lease that were not related to non-payment of rent.

14. Following the failure of Nicole Spearman and the unknown occupants (DOES 1 through 10) to file a responsive pleading in the Unlawful Detainer Action, Emer sought entry of a default judgment for possession of the Premises against Nicole Spearman and the unknown occupants. The Los Angeles County Superior Court issued a judgment for possession of the Premises on or around September 20, 2021, in favor of Emer and against Nicole Spearman and the unknown occupants (the "Judgment for Possession"). Nicole Spearman's (and all then-unknown occupants') right to possession of the Premises was thus terminated by the Judgment for Possession issued by the Court on September 20, 2021.

15. The Los Angeles County Sheriff thereafter posted a Notice to Vacate at the Premises, and, following the expiration of the notice period in the Notice to Vacate, Nicole Spearman and the unknown occupants were evicted from the Premises by Sheriff's deputies on October 7, 2021.

16. Based on the presence of defendant Carthell Sanders on or around the Premises on October 7, 2021 immediately following the Sheriff's eviction, as well as previous sightings of the individual who Plaintiff now believes was Carthell Sanders on or around the Premises, as well as Carthell Sanders's retrieval of personal property left at the Premises following the eviction, Plaintiff is informed and believes, and thereon alleges, that Carthell Sanders occupied or resided at the Premises during some or all of the time between May 15, 2021, when Nicole Spearman took possession of the Premises, and October 7, 2021, when the eviction was carried out by the Sheriff, and that Carthell Sanders's conduct and actions were the proximate cause of at least some of the damages alleged herein.

17. Based on various sightings of the individual who Plaintiff now believes was Armez Spearman on or around the Premises, as well as Armez Spearman's participation in communications with Plaintiff regarding the disputes and issues alleged herein, Plaintiff is informed and believes, and thereon alleges, that Armez Spearman occupied or resided at the

Premises during some or all of the time between May 15, 2021, when Nicole Spearman took possession of the Premises, and October 7, 2021, when the eviction was carried out by the Sheriff, and that Armez Spearman's conduct and actions were the proximate cause of at least some of the damages alleged herein.

## FIRST CAUSE OF ACTION
## FOR RENT AND DAMAGES (CIVIL CODE § 1951.2)
### (Against Nicole Spearman and DOES 1-10)

18. Emer incorporates and re-alleges every allegation set forth in Paragraphs 1-17.

19. Plaintiff and Nicole Spearman entered into the Lease, in which Nicole Spearman agreed to pay a monthly rental obligation of $14,250 per month, for a term that (per the Lease) commenced on May 15, 2021 and was intended to continue until May 15, 2022.

20. Prior to the issuance of the Judgment for Possession, Nicole Spearman and DOES 1-10 violated the terms of the Lease by (among other things) failing to pay the contractually agreed $14,250 monthly rent payment specified in the Lease. Specifically, prior to the issuance of the Judgment for Possession, Nicole Spearman failed to pay rent that was otherwise fully due and payable as follows:

   a. With regard to the monthly payment due on June 1, 2021, Nicole Spearman belatedly paid only $14,200, which is $50 short of the required monthly rent amount.

   b. Nicole Spearman did not pay any portion of the monthly rent amount that was due on July 1, 2021 ($14,250).

   c. Nicole Spearman did not pay any portion of the monthly rent amount that was due on August 1, 2021 ($14,250).

   d. Nicole Spearman did not pay any portion of the monthly rent amount that was due on September 1, 2021 ($14,250).

21. Nicole Spearman and Does 1-10 have failed and refused, despite demand by Plaintiff, to pay rent and other charges past due and/or becoming due under the terms and conditions of the Lease. The aforementioned rent is past due and owing, and Plaintiff is entitled

to the same as damages, according to proof at time of trial, in an amount no less than $41,338.50 (which is the $42,800 total past-due rent sum minus a credit for $1,461.50 applied from Nicole Spearman's security deposit toward the past-due rent), plus prejudgment interest.

22. In addition, by reason of the foregoing, Plaintiff is entitled to recover damages according to Section 1951.2 of the California Civil Code consisting of the rent that would have come due through the end of the Lease term, in an amount in excess of $106,875, according to proof at time of trial (including both unpaid rent from termination up to the time of an award in this action, per Civil Code § 1951.2(a)(2), and future rent from the time of an award in this action until the Lease would have otherwise expired pursuant to its terms, i.e., May 15, 2022, pursuant to Civil Code § 1951.2(a)(3)).

23. Further, under Addendum No. 1 of the Lease, Nicole Spearman was responsible for paying the cost of utilities for the Premises, as well as the costs of general maintenance for the pool, spa, and landscaping. Nicole Spearman failed and refused to pay the foregoing costs as they became due, which left Plaintiff responsible for paying those costs. Plaintiff is entitled to such costs as damages in an amount according to proof at time of trial.

24. As a proximate and foreseeable result of the aforementioned actions of Nicole Spearman and DOES 1-10, Plaintiff sustained damages in a sum according to proof, of at least $149,675, plus prejudgment interest.

25. Section 36 of the Lease provides that in the event Plaintiff commences an action to enforce its provisions, the Court shall award the prevailing party a reasonable sum of attorney fees and costs, not to exceed $1,000. Nicole Spearman has breached the Lease in the manner set forth above, and Plaintiff has been compelled to commence litigation to enforce his rights thereunder and has retained legal counsel for that purpose.

26. Despite Plaintiff's diligent efforts, Plaintiff has been unable to re-let the Premises to date. Plaintiff has attempted to mitigate his damages as alleged herein, but has not been successful to date.

## SECOND CAUSE OF ACTION

## FRAUD IN THE INDUCEMENT / PROMISSORY FRAUD

### (Against Nicole Spearman and DOES 1-20)

27. Emer incorporates and re-alleges every allegation set forth in Paragraphs 1-26.

28. On or around May 10, 2021, Nicole Spearman and DOES 1-20 made intentional material misrepresentations and promises in writing to Plaintiff by means of the covenants and representations in the Lease, including but not limited to: (a) that Nicole Spearman would not keep, permit, or allow any dogs on or in the Premises, (b) that Nicole Spearman would not smoke, permit, or allow smoking in and on the Premises, (c) that Nicole Spearman would not change the locks (or allow or cause locks to be changed) at the Premises without providing Plaintiff with keys to those new locks; (d) that Nicole Spearman would live at the Premises alone, and would not allow unauthorized persons 18 years of age or older to live with her (and/or in her stead) at the Premises, without those persons having first completed a lease rental application, as required by the Lease; and (e) that Nicole Spearman would timely pay a monthly rental obligation of $14,250 per month on the first day of each month for a one-year term.

29. Nicole Spearman and DOES 1-20 knew at the time that Nicole Spearman executed the Lease and made the foregoing representations and promises that their representations and promises were false, in that they never genuinely intended to abide by the foregoing covenants, promises, and representations. Instead, Nicole Spearman intended: (a) to cease paying the monthly rent payments after obtaining possession of the Premises, (b) to allow additional, unauthorized persons to reside at the Premises without completing additional rental applications or revealing their identities, (c) to allow or permit persons occupying or present at the Premises to smoke in and on the Premises, (d) to allow, bring, and/or permit the presence of dogs in and on the Premises, and (e) to change the locks at the Premises without providing Plaintiff with a key, as a means of excluding Plaintiff from the Premises and setting up obstacles to eviction.

30. Nicole Spearman and DOES 1-20 made the aforementioned promises and representations to Plaintiff for the purpose of inducing Plaintiff to rely on those promises and

1 representations and enter into the Lease with Nicole Spearman, allowing Nicole Spearman and
2 DOES 1-20 to take possession of the Premises.
3     31.    Plaintiff relied on the promises and representations made by Nicole Spearman
4 and DOES 1-20, in that Plaintiff entered into the Lease with Nicole Spearman and allowed
5 Nicole Spearman to take possession of the Premises. Such reliance by Plaintiff was reasonable
6 in that Plaintiff had no reason to question the veracity of Nicole Spearman, who was
7 represented at the time by a seemingly reputable real estate agent, and who provided a
8 purported IRS W-2 form to Plaintiff as purported proof of her income and ability to comply
9 with her obligations under the terms of the Lease. If not for the false promises and
10 misrepresentations made to Plaintiff by Nicole Spearman and DOES 1-20, Plaintiff would never
11 have entered into the Lease with Nicole Spearman or allowed Nicole Spearman to gain or take
12 possession of the Premises.
13     32.    Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-20
14 knowingly allowed and permitted dogs in and on the Premises, in violation of a Lease covenant
15 barring pets from the Premises.
16     33.    Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-20
17 knowingly changed (or allowed or caused to be changed) the locks at the Premises without
18 providing keys to Plaintiff, in violation of a Lease covenant pertaining to locks and keys.
19     34.    Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-20
20 knowingly allowed and permitted (and/or engaged in) smoking in and on the Premises in
21 violation of a Lease covenant prohibiting smoking.
22     35.    Nicole Spearman knowingly failed to pay rent and fees for landscaping and pool
23 and spa maintenance.
24     36.    Nicole Spearman and DOES 1-20 were served with various Notices to Cure or
25 Quit and Notices to Pay or Quit, but failed to cure or pay within the time periods specified in
26 those Notices.
27     37.    As a proximate result of the false promises and misrepresentations made by
28 Nicole Spearman and DOES 1-20, Plaintiff was damaged in an amount according to proof at

trial, but believed to exceed $200,000, in that the actions by Nicole Spearman and DOES 1-20 caused Plaintiff to rent the Premises to her in lieu of another tenant who would have abided by the Lease terms and paid rent for the duration of the Lease term. Further, Nicole Spearman and DOES 1-20 caused Plaintiff to incur various extraordinary costs and expenses that Plaintiff would not have otherwise incurred but for the various false promises and misrepresentations. Had Plaintiff known the true facts, he would not have entered into the Lease with Nicole Spearman or given her possession of the Premises.

38. The conduct of Nicole Spearman and DOES 1-20, and each of them, was intentional, malicious, fraudulent and oppressive, and in conscious disregard of Plaintiff's rights. Plaintiff is accordingly entitled to recover punitive and/or exemplary damages from Nicole Spearman and DOES 1-20 pursuant to the terms of California Civil Code § 3294, in an amount sufficient to punish Nicole Spearman and DOES 1-20 and deter such conduct in the future.

## THIRD CAUSE OF ACTION
## PROPERTY DAMAGE
(Against Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30)

39. Emer incorporates and re-alleges every allegation set forth in Paragraphs 1-38.

40. Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30 intentionally allowed and permitted dogs in and on the Premises, in violation of a Lease covenant barring pets from the Premises.

41. Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30 intentionally changed (or allowed to be charged or caused to be changed) the locks at the Premises without providing keys to Plaintiff, in violation of a Lease covenant pertaining to locks and keys.

42. Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30 intentionally allowed, engaged in, and/or permitted smoking in and on the Premises in violation of a Lease covenant prohibiting smoking.

43. Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30

9
COMPLAINT

intentionally engaged in various actions which caused damage to the walls, built-in shelves, doors, rugs, furniture, lamp shades, bedding, floors, and other fixtures and surfaces at the Premises, beyond the scope of ordinary wear and tear.

44. Plaintiff gave Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30 timely notice and opportunity to cure the various violations of lease covenants, but Defendants failed to cure and instead continued to intentionally engage in conduct that Defendants knew was in violation of the Lease and causing damage to the Premises.

45. As a proximate result of the aforementioned intentional actions of Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30, Plaintiff sustained damages and was forced to incur consequential damages that Plaintiff would not have incurred but for the actions of Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30, in a sum according to trial but believed to be no less than $50,000, consisting of elements including but not limited to: (a) extraordinary pet-related cleaning costs, (b) locksmith and hardware charges, (c) extraordinary smoke-related cleaning costs and/or furniture replacement costs, (d) costs of repairing damage to walls, shelves, doors, rugs, furniture, lamp shades, bedding, floors, and other surfaces, and (e) the cost of repairing a window that the Los Angeles County Sheriff deputies who carried out the eviction at the Premises on October 7, 2021 were required to break because there was no other way to gain entry to the Premises due to the unauthorized high-security locks installed by Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30. Certain of the damages have been addressed by deductions from Spearman's security deposit, for which Spearman will be credited in Plaintiff's calculation of his damages in this action.

46. The conduct of Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30, and each of them, was intentional, malicious, fraudulent and oppressive, and in conscious disregard of Plaintiff's rights. Plaintiff is accordingly entitled to recover punitive and/or exemplary damages from Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30 pursuant to the terms of California Civil Code § 3294, in an amount sufficient to punish Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30 and deter such conduct

in the future.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Jason Emer respectfully requests that the Court enter judgment in favor of Jason Emer and against defendants Nicole Spearman, Armez Spearman, Carthell Sanders, and DOES 1-30, and award the following relief to Jason Emer:

1. Damages in the sum of at least $42,800, or such other sum according to proof, pursuant to Civil Code § 1951.2(a)(1) (unpaid rent accrued at time of termination);

2. Damages in a sum according to proof, pursuant to Civil Code § 1951.2(a)(2) (unpaid rent from termination up to the time of an award in this action);

3. Damages in the sum of at least $106,875, or such other sum according to proof, pursuant to Civil Code § 1951.2(a)(3) (future rent through the date on which the Lease would have otherwise expired pursuant to its terms, i.e., May 15, 2022);

4. Special/consequential damages according to proof;

5. General compensatory damages in the sum of $200,000 or according to proof;

6. Punitive damages in an amount sufficient to deter Defendants' intentional, malicious, fraudulent, and/or oppressive conduct in the future;

7. Pre- and post-judgment interest at the maximum rate provided by law;

8. Plaintiff's attorney's fees to the extent permitted by law or contract, in an amount no less than $1,000;

9. The costs of this action; and

10. Any and all other relief to which Plaintiff may be entitled.

DATED: October 29, 2021

Respectfully submitted,

SEGAL LAW GROUP

By: _____
Lawrence Segal
Andrew D. Shupe
Attorneys for Plaintiff Jason Emer

11
COMPLAINT